Odell v. Inyo County Sheriff's Department, et al.                                    Doc. 5

Case 1:06-cv-00658-OWW-SMS    Document 5    Filed 06/08/2006    Page 1 of 8

1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

10   PATRICK RICHARD O'DELL,        )  1:06-cv-00658-OWW-SMS
                                    )
11                    Plaintiff,    )  ORDER GRANTING PLAINTIFF'S
                                    )  APPLICATION FOR LEAVE TO PROCEED
12        v.                        )  IN FORMA PAUPERIS (DOC. 1)
                                    )
13                                  )  ORDER DISMISSING PLAINTIFF'S
     INYO CO. SHERIFFS DEPT.,       )  COMPLAINT WITH LEAVE TO FILE A
14   et al.,                        )  FIRST AMENDED COMPLAINT NO LATER
                                    )  THAN THIRTY DAYS AFTER THE DATE
15                    Defendants.   )  OF SERVICE OF THIS ORDER
                                    )
16   _____)

17

18        Plaintiff is proceeding pro se with an action for injunctive

19   relief concerning alleged civil rights violations; the action was

20   transferred to the Court on May 30, 2006. The matter has been

21   referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)

22   and Local Rules 72-302 and 72-304.

23        I. Application to Proceed in Forma Pauperis

24        Plaintiff has submitted a declaration that makes the showing

25   required by § 1915(a). Accordingly, the request to proceed in

26   forma pauperis will be granted. 28 U.S.C. § 1915(a).

27        II. Screening the Complaint

28             A. Legal Standard

1

In cases wherein the plaintiff is proceeding in forma pauperis, the Court is required to screen cases and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2).

Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

1    In reviewing a complaint under this standard, the Court must

2    accept as true the allegations of the complaint in question,

3    Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740

4    (1976), construe the pro se pleadings liberally in the light most

5    favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447

6    (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,

7    Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

8    If the Court determines that the complaint fails to state a

9    claim, leave to amend should be granted to the extent that the

10   deficiencies of the complaint can be cured by amendment. Lopez v.

11   Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A

12   complaint, or a portion thereof, should only be dismissed for

13   failure to state a claim upon which relief may be granted if it

14   appears beyond doubt that the Plaintiff can prove no set of

15   facts, consistent with the allegations, in support of the claim

16   or claims that would entitle him to relief. See Hishon v. King &

17   Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355

18   U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log

19   Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981).

20   Dismissal of a pro se complaint for failure to state a claim is

21   proper only where it is obvious that the Plaintiff cannot prevail

22   on the facts that he has alleged and that an opportunity to amend

23   would be futile. Lopez v. Smith, 203 F.3d at 1128.

24   A claim is frivolous if it lacks an arguable basis either in

25   law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A

26   frivolous claim is based on an inarguable legal conclusion or a

27   fanciful factual allegation. Id. A federal court may dismiss a

28   claim as frivolous if it is based on an indisputably meritless

3

1  legal theory or if the factual contentions are clearly baseless.

2  Id.

3       The test for malice is a subjective one that requires the

4  Court to determine whether the applicant is proceeding in good

5  faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46

6  (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir.

7  1986). A lack of good faith is most commonly found in repetitive

8  suits filed by plaintiffs who have used the advantage of cost-

9  free filing to file a multiplicity of suits. A complaint may be

10 inferred to be malicious if it suggests an intent to vex the

11 defendants or abuse the judicial process by relitigating claims

12 decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309

13 (D.C.Cir. 1981); if it threatens violence or contains

14 disrespectful references to the Court, id.; or if it contains

15 untrue material allegations of fact or false statements made with

16 knowledge and an intent to deceive the Court, Horsey v. Asher,

17 741 F.2d 209, 212 (8th Cir. 1984).

18             B. Plaintiff's Complaint

19      Plaintiff seeks an order directing a grand jury

20 investigation into "sex crimes committed by sworn officers

21 (a.k.a.) engineered deviorces that result in bodley harm or

22 death" that he alleges occurred in Independence, California; he

23 also seeks damages for himself and his children. (Cmplt. at 2.)

24 He refers to the provision of convicted felons for "entrapment

25 schemes," and he refers to conduct of his wife or ex-wife (status

26 unclear) in 2001 involving her making large sums of money in a K-

27 Mart store and possibly pictures of her conduct being down-loaded

28 to pornographic web sites from police or sheriff's computers. He

1  alleges that he caught a sexually transmitted disease in 2001. He

2  refers to unspecified sex crimes committed by unidentified

3  members of the police department of the city of Bishop as well as

4  the Inyo County Sheriff's Office. Plaintiff also refers to his

5  ex-wife's having resorted to domestic violence as a means of

6  evicting him, without due process of law, from his home, which

7  was being bought pursuant to a H.U.D. housing contract in

8  connection with the Bishop Indian Housing Authority. Plaintiff

9  names as Defendants the Inyo County Sheriff's Department and its

10 child support division;[1] a retired district attorney, Phil

11 McDowell; and an Assistant District Attorney Christensen.

12          C. Analysis

13      Plaintiff does not allege specific facts or otherwise

14 provide a short and plain statement of grounds for jurisdiction

15 in this Court.

16      Further, Plaintiff does not provide a short and plain

17 statement of his claims. Indeed, his complaint is so vague and

18 rambling that it is not possible to determine whether Plaintiff's

19 claim is frivolous, malicious, or states a claim for relief.

20 Although the Federal Rules adopt a flexible pleading policy, a

21 complaint must give fair notice and state the elements of the

22 claim plainly and succinctly. Jones v. Community Redev. Agency,

23 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at

24 least some degree of particularity overt acts which the

25 defendants engaged in that support Plaintiff's claim. Id.

26      The Civil Rights Act under which this action was filed

27

28      [1]It appears from Plaintiff's application to proceed in forma pauperis that he owes the Inyo County Sheriff's Department Child Support Division the sum of $36,000.00.

5

1  provides:

2      Every person who, under color of [state law]...
        subjects, or causes to be subjected, any citizen of the
3      United States... to the deprivation of any rights,
        privileges, or immunities secured by the
4      Constitution... shall be liable to the party injured in
        an action at law, suit in equity, or other proper
5      proceeding for redress.

6  42 U.S.C. § 1983. To state a claim pursuant to § 1983, a

7  plaintiff must plead that defendants acted under color of state

8  law at the time the act complained of was committed and that the

9  defendants deprived the plaintiff of rights, privileges, or

10 immunities secured by the Constitution or laws of the United

11 States. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir.

12 1986).

13     Here, Plaintiff has failed plainly to indicate the precise

14 conduct of any individual or entity. Further, it is possible that

15 the prosecutor defendants are entitled to immunity. However,

16 because Plaintiff's allegations are so unclear, it is not

17 possible to determine whether the persons named as defendants are

18 entitled to immunity and thus that the claim is frivolous or

19 fails to state a claim.

20     Plaintiff has failed to state facts indicating that

21 Defendants acted under color of state law. Plaintiff has failed

22 to specify the precise conduct that is the basis for his claim

23 and how that conduct resulted in a deprivation of any federally

24 protected rights.

25     In summary, the Court finds it necessary to dismiss the

26 complaint in its entirety. Plaintiff has failed to state a

27 cognizable claim against the Defendants and has failed to plead

28 facts demonstrating jurisdiction in this Court. However, it is

possible that Plaintiff can allege a set of facts, consistent
with the allegations, in support of the claim or claims that
would entitle him to relief. Thus, the Court will grant Plaintiff
an opportunity to amend the complaint to cure the deficiencies of
this complaint. Failure to cure the deficiencies will result in
dismissal of this action without leave to amend.

In addition, Plaintiff is informed that the Court cannot
refer to a prior pleading in order to make Plaintiff's amended
complaint complete. Local Rule 15-220 requires that an amended
complaint be complete in itself without reference to any prior
pleading. This is because, as a general rule, an amended
complaint supersedes the original complaint. See Loux v. Rhay,
375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended
complaint, the original pleading no longer serves any function in
the case. Therefore, in an amended complaint, as in an original
complaint, each claim and the involvement of each defendant must
be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that

1) Plaintiff's application to proceed in forma pauperis IS
GRANTED; and

2) Plaintiff's complaint IS DISMISSED; and

3) Plaintiff IS GRANTED thirty days from the date of service
of this order to file a first amended complaint that complies
with the requirements of the pertinent substantive law, the
Federal Rules of Civil Procedure, and the Local Rules of
Practice; the amended complaint must bear the docket number
assigned this case and must be labeled "First Amended Complaint";
failure to file an amended complaint in accordance with this

1    order will be considered to be a failure to comply with an order

2    of the Court pursuant to Local Rule 11-110 and will result in

3    dismissal of this action.

4

5    IT IS SO ORDERED.

6    **Dated:    June 8, 2006**                    _____/s/ **Sandra M. Snyder**_____
     icido3                              UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28