```
                    IN THE UNITED STATES DISTRICT COURT FOR THE

                          EASTERN DISTRICT OF CALIFORNIA
```

| | | |
|---|---|---|
| PATRICK RICHARD O'DELL, | ) | No. CV-F-06-658 OWW/SMS |
| | ) | |
| | ) | ORDER GRANTING DEFENDANTS' |
| | ) | MOTIONS TO QUASH SERVICE AND |
| Plaintiff, | ) | DISMISS ACTION (Docs. 15, |
| | ) | 16, 24 & 25), DISMISSING |
| vs. | ) | ACTION WITH LEAVE TO AMEND, |
| | ) | DIRECTING PLAINTIFF TO FILE |
| INYO COUNTY SHERIFF'S | ) | SECOND AMENDED COMPLAINT |
| DEPARTMENT, et al., | ) | WITHIN 20 DAYS OF SERVICE OF |
| | ) | THIS ORDER, TO EFFECT |
| | ) | SERVICE OF SUMMONS AND |
| | ) | COMPLAINT WITHIN 20 DAYS OF |
| Defendant. | ) | FILING THE SECOND AMENDED |
| | ) | COMPLAINT, AND TO FILE |
| | ) | RETURNS OF SERVICE WITHIN |
| | | TEN (10) DAYS THEREAFTER |

On May 17, 2006, Patrick Richard O'Dell, proceeding *in pro per*, filed a Complaint pursuant to 42 U.S.C. § 1983.[1] Named as defendants were the Inyo County Sheriff's Department, Inyo County

---

[1] The Complaint was filed in the District Court for the Northern District of California and was transferred to this court by Order issued on May 23, 2006. Although Plaintiff initially was allowed to proceed *in forma pauperis*, his *in forma pauperis* status was revoked by Order filed on September 26, 2006 (Doc. 10).

1

Sheriff's Department Child Support Division, District Attorney Phil McDowell (retired), and Assistant District Attorney Christensen. By Order filed on June 8, 2006, the United States Magistrate Judge dismissed the Complaint with leave to amend. On June 15, 2006, Plaintiff filed a Declaration (Doc. 7), wherein he avers:

> Under the 2nd Amendment of the Bill of Rights. My Firearms were unlawfully confuscated [sic] by the Inyo County Sheriffs [sic] Department, by Court Order of Superior Court Judge Dean Stout. I was refused A [sic] Grand jury [sic] investigation by Judge Stout. I was refused a Trial by Assistant District Attorney Cristensen [sic]. To Determine my innocents [sic] or Guilt. I have not been found guilty of any Felonys or mistorminers [sic]. My Private Property has been sized [sic] with out due process of law or compensation.
>
> This took place 7-30-02
> Superior Court of California.
> County of Inyo - Case Number SICVDV-02-003125S [sic]

By Order filed on August 7, 2006, the Magistrate Judge deemed Plaintiff's Declaration to be a First Amended Complaint "against the only three persons or entities named in it, namely the Inyo County Sheriff's Department, Superior Court Judge Dean Stout, and Assistant District Attorney Chrisentsen." (Doc. 8).

By Order filed on October 12, 2006, Plaintiff was ordered to serve the summons and First Amended Complaint on all defendants in compliance with Rule 4, Federal Rules of Civil Procedure, within 20 days of service of the Order and to file the returns of service within 10 days thereafter "or this matter will be

2

1 dismissed for failure to prosecute."

2  On October 17, 2006, a Summons in a Civil Case was issued by
3 the Clerk's Office to Plaintiff.  The Summons, which is a single
4 document, is issued to:  "Inyo County Sheriff's Department, Inyo
5 County Sheriff's Department Child Support Services, Phil
6 McDowell, Linda Ansiman, - Christensen".

7  On October 27, 2006, Plaintiff filed a Return of Service
8 (Doc. 14).  The Return of Service states that the date of service
9 was "Date of Delivery 10-23-06", and that the name of server was
10 "Certified Mail".  The Return of Service further states:

11 ☐ Served personally upon the defendant.
   Place where served: _____
12
   ■ Left copies thereof at the defendant's
13   dwelling house or usual place of bode with
     a person of suitable age and discretion then
14   residing therein.

15 ■ Name of person with home summons and
   complaint were left: <u>B. Humphrey</u>
16
   ☐ Returned unexecuted: _____
17
   ☐ Other (specify): <u>Copy of Certified Mail</u>
18    <u>Receipt Sent</u>.

19 The Return of Service is executed by Plaintiff as the server of
20 process.  Attached to the Return of Service is a copy of a
21 certified mail receipt, which states that the certified mail was
22 addressed to:

23   Sheriff:
     Dan Lucas
24   P.O. Box - S
     Independence CA
25   93526

26 The certified mail receipt is signed by "BHumphrey" as "agent".

3

The Inyo County Sheriff's Department moves for dismissal of this action pursuant to Rule 12(b)(5) and (6). Federal Rules of Civil Procedure. Phil McDowell, Linda Anisman, and the Inyo County Child Support Department also move for dismissal under Rule 12(b)(5) and (6).

No written opposition to the motions was filed by Plaintiff. Plaintiff personally appeared at the hearing and was allowed to present oral argument in opposition to the motions.

**A. <u>Plaintiff Required to Comply Rules of Procedure and Court Orders</u>**.

Even though Plaintiff is proceeding *in pro per*, he is required to familiarize himself and comply with the Federal Rules of Civil Procedure, the Local Rules of Practice for the Eastern District of California, and any court orders. Rule 83-183(a), Local Rules of Practice, provides in pertinent part:

> Any individual representing himself ... without an attorney is bound by the Federal Rules of Civil ... Procedure and by these Local Rules. All obligations placed on 'counsel' by these Local Rules apply to individuals appearing <u>in</u> <u>propria</u> <u>persona</u>. Failure to comply therewith may be ground for dismissal ... or any other sanction appropriate under these rules.

For example, if a defense motion is noticed for hearing, Plaintiff is required to timely comply with Rule 78-230, Local Rules of Practice. Rule 78-230(c) provides in pertinent part:

> Opposition, if any, to the granting of the motion shall be in writing and shall be filed with the Clerk not less than fourteen (14) days preceding the noticed (or continued) hearing date. Opposition shall be [served]

4

          on opposing counsel not less than fourteen (14) days preceding the hearing date (personal service) or mailed or electronic served not less than seventeen (17) days preceding the hearing date. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a motion at oral argument if opposition to the motion has not been timely served by that party.

**B.  Dismissal Pursuant to Rule 12(b)(5).**

Rule 12(b)(5) provides for dismissal of an action for "insufficiency of service of process". The burden is on the plaintiff to demonstrate that service of process was sufficient. *Mateo v. M/S KISO*, 805 F.Supp. 792, 794 (N.D.Cal.1992); *Well v. City of Portland*, 102 F.R.D. 796, 799 (D.Or.1984). "Normally the process server's return will provide a prima facie case as to the facts of service, but if the defendant introduces uncontroverted affidavits in support of a motion to quash service, the content of those affidavits will be deemed admitted for purposes of the motion. Wright & Miller, *Federal Practice and Procedure: Civil 3rd* § 1353, pp. 343-344.

Dan Lucas, Inyo County Sheriff, avers in pertinent part:

        2.  On October 23, 2006, I received an unopened envelope delivered by the U.S. Postal Service addressed to Sheriff Dan Lucas, P.O. Box S, Independence, California. I am informed and believe that this envelope was received by the Inyo County Sheriff's Department on or about October 20, 2006, and was forwarded to me by the Sheriff's Administrative personnel.

        3.  I opened the envelope and it contained a

5

        copy of the Summons in this case ... There
was no complaint contained in the envelope.

        4.  Plaintiff Patrick O'Dell has not
personally served me as the head of the Inyo
County Sheriff's Department, with a copy of
the Summons and Complaint in this case at any
time.

        5.  Plaintiff Patrick O'Dell has not served
me by mail, as the head of the Inyo County
Sheriff's Department with a copy of the
Summons and Complaint in this case as any
time.  Plaintiff Patrick O'Dell has not
delivered a copy of the Summons and Complaint
in this case at any time to my place of
business or my home.

Kathy Sterrett, Legal Secretary with the Inyo County District Attorney's Office, avers that she was present in the Bishop Office of the Inyo County District Attorney's Office on October 20, 2006 and that she knows Plaintiff from previous contacts with him.  Ms. Sterrett further avers:

        4.  On October 20, 2006, Plaintiff Patrick
O'Dell entered the Bishop office of the Inyo
County District Attorney's Office and asked
for 'Cristenen'.  I informed Mr. O'Dell that
David Christensen was no longer with our
office or in the State of California.  Mr.
O'Dell then asked for Phil McDowell.  I
informed him that he was still employed with
the District Attorney's Office.  Mr. O'Dell
crossed out David Cristesen's name on the
envelope and put Phil McDowell's name on it.
Mr. O'Dell stated that there was a Federal
Case pending wherein he was suing the County
of Inyo and wanted to make sure that Phil
McDowell was given this envelope.  At the
time this took place, Phil McDowell was not
in the Bishop Office of the Inyo County
District Attorney's Law Office.  Mr. O'Dell
left nothing but the envelope in the Bishop
District Attorney's Office.

        5. I forwarded the envelope to Phil McDowell
without opening it.

6

Deputy District Attorney Phil McDowell avers in pertinent part:

> 4. On October 23, 2006, I received an envelope with my name on the outside, which I am informed and believe was left by Plaintiff Patrick O'Dell at the Bishop Office of the Inyo County District Attorney on October 20, 2006. I opened the envelope and it contained the Summons in this case ... There was no complaint in the envelope.
>
> 5. I am familiar as an Attorney at Law with the provisions for service of a summons and complaint as set forth in Federal Rule of Civil Procedure 4 and the California Rule of Civil Procedure.
>
> 6. Plaintiff Patrick O'Dell has not served me personally with the summons and complaint in this matter at any time.
>
> 7. Plaintiff has not served me with a summons and complaint by any method authorized by Federal Rule of Civil Procedure 4 or by the California Code of Civil Procedure.

Laura Sigler, Legal Clerk for the Inyo County Child Support Department, avers that she was present in the Bishop Office of the Inyo County Child Support Department on October 20, 2006 and that she knows Plaintiff from previous contacts with him. Ms. Sigler further avers:

> 4. On October 20, 2006, Plaintiff Patrick O'Dell entered the Bishop office of the Inyo County Child Support Department and left an envelope addressed to Linda Anisman. Except for the envelope, Mr. Odell [sic] left nothing else. At the time this took place, Linda Anisman, Director of the Inyo County Child Support Department was not in the Bishop Office.
>
> 5. I forwarded the envelope to Linda Anisman without opening it.

Linda Anisman, Director of the Inyo County Child Support

7

Department, avers in her Declaration in pertinent part:

> 2.  The Inyo County Child Support Department is an independent department within the County of Inyo and is not part of the Inyo County Sheriff's Department.  The Inyo County Child Support Services Department has its office in Bishop, California.  I was not in the Inyo County Child Support Services Office on October 20, 2006.
>
> 3.  On October 23, 2006, I received an envelope addressed to me which I was informed and believe was left by Patrick O'Dell at the Inyo County Child Support Services office on October 20, 2006.  I opened the envelope and it contained the Summons in this case ... There was no complaint in the envelope.
>
> 4.  I am familiar as an Attorney at Law with the provisions for service of a summons and complaint as set forth in Federal Rule of Civil Procedure 4 and the California Rule of Civil Procedure.
>
> 5.  Plaintiff Patrick O'Dell has never served me personally, either as an individual or as the Director of the Inyo County Child Support Department, with the Summons and Complaint in this case at any time.
>
> 6.  Plaintiff Patrick O'Dell has not served me, as an individual or as the Director of the Inyo County Child Support Services Department with the Summons and Complaint by any method authorized by Federal Rule of Civil Procedure 4 or by the California Code of Civil Procedure.

Defendants move to quash service and dismiss this action because of Plaintiff's failure to comply with Rule 4(c), Federal Rules of Civil Procedure.  Defendants note that Plaintiff failed to serve the First Amended Complaint with the Summons as required by Rule 4(c)(1) and that purported service was effected by Plaintiff in contravention of Rule 4(c)(2).  Defendants further

8

move to quash service and dismiss this action because service of the summons and First Amended Complaint was not effected as required by Rule 4 and California law.

Rule 4(c) provides in pertinent part:

> (1) A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint.
>
> (2) Service may be effected by any person who is not a party and who is at least 18 years of age. ....

Rule 4(e) allows service of process upon individuals:

> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2) delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process.

California Code of Civil Procedure § 410.10 provides that a summons may be served by any person who is at least 18 years of age and not a party to the action. California law provides that a summons may be served by personal delivery of the summons and complaint to the person to be served, California Code of Civil Procedure § 415.10, or by leaving a copy of the summons and

9

1  complaint during office hours at his or her office, and by
2  thereafter mailing a copy of the summons and complaint to be
3  served at the place where a copy of the summons and complaint was
4  left, California Code of Civil Procedure § 415.20(a), or by
5  leaving a copy at the person's dwelling house or usual place of
6  abode as required by California Code of Civil Procedure § 415.20.
7  A summons and complaint may be served by mail but service must
8  comply with the notice and acknowledgment requirements set forth
9  in California Code of Civil Procedure § 415.30.
10      Rule 4(j)(2), Federal Rules of Civil Procedure, provides
11 that service a municipal corporation or other governmental entity
12 "shall be effected by delivering a copy of the summons and of the
13 complaint to its chief executive officer or by serving the
14 summons and complaint in the manner prescribed by the law of that
15 state for the service of summons or other like process upon any
16 such defendant."  California Code of Civil Procedure § 416.50(a)
17 provides that "a summons may be served on a public entity by
18 delivering a copy of the summons and of the complaint to the
19 clerk, secretary, president, presiding officer, or other head of
20 its governing body."
21     Plaintiff has not complied with any of these requirements
22 for effecting service of process.  Pursuant to the October 12,
23 2006 Order, Plaintiff was to serve the summons and First Amended
24 Complaint on all defendants in compliance with Rule 4, Federal
25 Rules of Civil Procedure, within 20 days of service of the Order
26 and to file the returns of service within 10 days thereafter "or

10

1  this matter will be dismissed for failure to prosecute."

2  Therefore, Defendants' motions to quash service are GRANTED.
3  However, because Plaintiff will be ordered to file a Second
4  Amended Complaint, *see discussion infra*, Plaintiff will be
5  allowed one more opportunity to properly effect service of
6  summons and the Second Amended Complaint on Defendants.  Failure
7  to timely and properly effect service of process will result in
8  the dismissal of this action.

9  **B.  Failure to State a Claim**.

10  Phil McDowell, Linda Anisman, and the Inyo County Child
11  Support Department also move for dismissal of this action on the
12  grounds that they are not named as defendants in the First
13  Amended Complaint, that there are no charging allegations in the
14  First Amended Complaint against them, and no relief against them
15  is sought in the First Amended Complaint.

16  Dismissal on these grounds is GRANTED WITH LEAVE TO AMEND.

17  The Magistrate Judge advised Plaintiff in the Order filed on
18  June 8, 2006 of the legal requirements for stating a claim upon
19  which relief can be granted.  These standards are reiterated in
20  this Order.

21  Rule 8(a), Federal Rules of Civil Procedure, provides in
22  pertinent part:

23  > A pleading which sets forth a claim for
24  > relief ... shall contain (1) a short and
25  > plain statement of the grounds upon which the
26  > court's jurisdiction depends, unless the
     > court already has jurisdiction and the claim
     > needs no new grounds of jurisdiction to
     > support it, (2) a short and plain statement

11

>                    of the claim showing that the pleader is
>                    entitled to relief, and (3) a demand for
>                    judgment for the relief the pleader seeks.
>                    Relief in the alternative or of several
>                    different types may be demanded.

Under Rule 8(a)(2), a pleading must give fair notice to each named defendant and state the elements of the claim plainly and succinctly. *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A complaint that is verbose, conclusory and confusing does not comply with Rule 8(a)(2). *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981).

Here, because the First Amended Complaint does not name Phil McDowell, Linda Anisman, or the Inyo County Child Support Department as defendants and does not set forth any allegations against any of them, the First Amended Complaint does not state a claim against them upon which relief may be granted. If Plaintiff intends to proceed against these individuals or this entity, Plaintiff must file a Second Amended Complaint in compliance with this Order.

### D. **Statute of Limitations**.

All moving parties move for dismissal of the First Amended Complaint as barred by the statute of limitations pursuant to Rule 12(b)(6).

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir.2001). Dismissal of a claim under Rule 12(b)(6) is appropriate only where "it appears beyond doubt that the

12

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe a <u>pro se</u> plaintiff's pleadings liberally in determining whether a claim has been stated. *Ortez v. Washington County, State of Or.*, 88 F.3d 804, 807 (9th Cir. 1996); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir.2003). Immunities and other affirmative defenses may be upheld on a motion to dismiss only when they are established on the face of the complaint. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir.1999); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

This action was commenced on May 17, 2006. The First Amended Complaint alleges that Plaintiff's property was seized without due process or compensation on July 30, 2002. Pursuant to California Code of Civil Procedure § 335.1,

13

Plaintiff's claim for relief under Section 1983 is subject to a two-year statute of limitations.

Although state law prescribes the statute of limitations applicable to claims under Section 1983, federal law governs time of accrual. *Gibson v. United States*, 781 f.2d 1334, 1340 (9th Cir.1986). A statute of limitations under Section 1983 begins to run when the cause of action accrues, which is when the plaintiff knows or has reason to know of the injury that is the basis of his or her action. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir.2002), citing *Cabrera v. City of Huntington Park*, 159 F.3d 374, 379 (9th Cir.1998).

The First Amended Complaint itself establishes that any claims for relief against the named defendants under Section 1983 are time-barred because this action was commenced almost four years after Plaintiff knew of the alleged injury. Therefore, unless Plaintiff can amend to allege facts from which it may be inferred that the claims for relief under Section 1983 are not time-barred or can allege facts from which it may be inferred that Plaintiff is entitled to tolling of the two-year statute of limitations, Plaintiff will not be entitled to relief against any defendant named in the action. Because it cannot be determined at this juncture whether Plaintiff can so amend, Plaintiff is given leave to amend.[2]

---

[2] Plaintiff is again advised that the Court cannot refer to a prior pleading in order to make the Second Amended Complaint complete. Rule 15-220, Local Rules of Practice, requires that an amended complaint be complete in itself without reference to any

14

ACCORDINGLY, as set forth above:

1. Defendants' motions to quash service and dismiss this action are GRANTED.

2. Plaintiff shall file a Second Amended Complaint within twenty (20) days of service of this Order.

3. Plaintiff shall effect service of summons and Second Amended Complaint pursuant to the requirements of Rule 4, Federal Rules of Civil Procedure, within twenty (20) days of filing the Second Amended Complaint and shall file the returns of service within ten (10) days thereafter.

4. Failure to comply and comply timely with this Order will result in the dismissal of this action.

IT IS SO ORDERED.

**Dated:   December 26, 2006**              **/s/ Oliver W. Wanger**
668554                                     UNITED STATES DISTRICT JUDGE

---

prior pleading. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Therefore, in the Second Amended Complaint, each claim for relief and the involvement of each defendant must be alleged as required by Rule 8(a) and this Order.

15